UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHOUVONG MANIVONG,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | CASE NO. 2:26-cv-02814-BAT<br>**ORDER GRANTING PETITION AND DIRECTING RELEASE WITHIN 24 HOURS** |

Immigration detainee Phouvong Manivong petitions the Court to order Respondents to (1) immediately release him from detention or alternatively order a bond hearing and (2) to award EAJA attorney fees and costs. For the reasons below, the Court **GRANTS** the petition.

1. Manivong's background is discussed in his April 2026 petition, 2:26-cv-01123-TLF, *Manivong v. Mullin, et. al.* The parties agree Manivong, a citizen of Laos, entered the United States in 1984 as a child and became a permanent resident in 1985. In 2010 he was convicted in Oregon of two felony drug-trafficking offenses. In January 2012 an immigration judge (IJ) terminated Manivong's lawful status and issued a final order of removal. However, rather than being removed, in April 2012, Manivong was released on an OSUP and has lived in the community since then. Respondents also contend on May 8, 2017, Manivong was convicted

of driving under the influence in Oregon but remained in the community.[1] On March 20, 2026, ICE officers arrested Manivong as he was driving to work, issued notice of revocation of the OSUP, detained Manivong, and served him notice of imminent removal.

2. On April 2, 2026, Manivong filed a habeas petition challenging his detention. On April 29, 2026, the Court denied the petition. The Court, applying the *Mathews v. Eldridg*e, 424 U.S. 319 (1976) factors, found the first factor (liberty interest) favored Manivong; the second (risk of erroneous deprivation) favored the government because Manivong was subject to a final order of removal and ICE obtained a valid travel document to remove him before redetention; and the third (government's interest) favored the government because removal was likely to occur within the foreseeable future as ICE possessed a travel document to remove Manivong. *See* April Order, Dkt. 18 at 5-8.

3. On August 7, 2026, Manivong filed the present petition alleging his circumstances have changed and he should now be released. First, when Manivong filed the April 2026 petition, he was subject to a final order of removal and ICE had obtained a travel document; his detention thus fell under 8 U.S.C. § 1231. Since then, the travel document ICE obtained to remove him expired, and no new travel document has been obtained. Second, on May 22, 2026, Manivong's final order of removal was reopened vacating the final order of removal issued in 2012. On July 7, 2026 an immigration judge again ordered Manivong removed but as he timely appealed that order to the Board of Immigration Appeals (BIA) he is not subject to a final order of removal.

---

[1] The allegation is set forth in the declaration of Arias Subero, Dkt. 7, but is not supported by the exhibits submitted at Dkt. 8.

4. As Manivong is no longer subject to a final order of removal, § 1231 no longer governs his detention. The parties agree Manivong's detention is now governed by 8 U.S.C. § 1226 but disagree what process is due. Respondents contend Manivong is subject to mandatory detention under § 1226(c) because (1) he was convicted in 2011 of a felony drug trafficking offense covered in 8 U.S.C. § 1227(a)(2)(A)(iii), and (2) his detention is not unreasonably prolonged. The Court rejects the contention. Respondents released Manivong after he completed his felony sentence in 2012. Other courts have found individuals subject to detention under § 1226(c) have a protected liberty interest in remaining at liberty even though § 1226(c) detention is mandatory, and the *Mathew* factors should be applied in assessing continued detention. *See e.g. Duong v. Kaiser*, 800 F.Supp.3d 1030, 1039 (N.D. Cal., Sept. 19, 2025); *see also Mbaki v. Blanche*, 2026 WL 2350395 at * 3 (D. Nevada, Aug. 13, 2026) ("assuming Petitioner is subject to mandatory detention under § 1226(c), the Court finds that Respondents' initial detention of Petitioner without a bond hearing and years after his release from criminal custody violated Petitioner's due process rights."); *Belisario v. Warden*, No. 1:26-cv-04580-DJC-SCR, 2026 WL 2225662 (E.D. Cal. Aug. 3, 2026) (detention under § 1226(c) after prior release violates due process because Respondents knew about qualifying crime at the time of release).

5. Here the record establishes Manivong was subject to § 1226(c) detention in 2012 and instead of detaining him, Respondents released him on an OSUP, and redetained him in 2026 without notice or a hearing before a neutral decision maker. Consistent with *Duong, Mbaki,* and *Belisario*, the Court finds Manivong possessed a protected liberty interest in his freedom and the *Mathews v. Eldridge*, factors apply: (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of such interest given the procedures used and

value of procedural safeguards; and (3) the Government's interest and burdens regarding additional procedural safeguards. *Id.* at 334-35.

6. The first *Mathews* factor favors Manivong as he has lived in the community for many years and was employed when arrested. The second factor favors Manivong. There is no longer a final order of removal and given the length of residence in the community and his employment the risk of erroneous detention is high. The third factor favors Manivong because he is not subject to a final order of removal and his removal is not imminent. The Court accordingly finds Manivong's request for release shall be granted and need not address whether the length of detention separately supports release.

7. Manivong was arrested on March 2, 2026 and has now been detained without a bond hearing for over five months. The Court finds a post-deprivation bond hearing is an insufficient procedural safeguard and finds the appropriate remedy is immediate release.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS**:

1. The petition for writ of habeas corpus is GRANTED. Dkt. 1.

2. Respondents shall RELEASE Petitioner **within 24 hours** under the conditions of his most recent release; return to him any personal property upon release; and file a status report certifying he has been released **within 48 hours** of entry of this order.

3. Petitioner may file a motion for an award of fees and expenses under the Equal Access to Justice Act within the time required by statute.

DATED this 28th day of August, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge